**Silas GRIGSBY, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 17, 1957.

Rehearing Denied Sept. 20, 1957.

C. A. Noble, Jr., Hazard, for appellant.

Jo M. Ferguson, Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

MILLIKEN, Chief Justice.

The appellant, Silas Grigsby, a coal miner, forty-five years of age and father of five children, shot and killed Curt Combs in Perry County, June 16, 1956. He pleaded self-defense. He was convicted on ample evidence and sentenced to life in the penitentiary at hard labor. The sole substantial ground urged for reversal involves the admission of certain evidence and reference to it in the argument of the prosecution.

In his direct testimony the appellant stated that he had never been in court before, the inference being that he had been a law-abiding citizen. On his cross-examination, and without objection by the defense until after the testimony had been given and without the basis of the objection being stated, and without a request for the court to admonish the jury as to the limited purpose of the evidence, the prosecution elicited information concerning two accidental shootings over fifteen years before in which the appellant had been involved, the purpose apparently being to contradict the appellant and to show that he had had some acquaintance with courts before his trial for killing Curt Combs. In the argument to the jury reference was made by the prosecution to the two accidental shootings, and the defense objected and excepted to the references in argument according to the bill of exceptions. Since no objection was made to the questioning about the two accidental shootings until too late, admission of the testimony about them was waived during the course of the trial and its admission cannot later be relied upon as constituting prejudicial error. Cr.Code Prac. § 280, and

annotations thereto. As a consequence, the prosecutor's reference to them in his argument to the jury was within the record and, hence, was permissible argument. The Commonwealth's further reference to the asserted leniency of the trial juries in felony cases at that term of court was the usual general plea for law enforcement, and was within the realm of permissible argument.

 Even had the testimony concerning the accidental shootings been properly objected to and its admission excepted to, the evidence as to appellant's guilt was so strong and persuasive that, upon consideration of the whole case, we would have been satisfied that the substantial rights of the appellant had not been prejudiced. Cr. Code Prac. §§ 340, 353.

The judgment is affirmed.